**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Metin Balikci,<br><br>Plaintiff.<br><br>v.<br><br>JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services,<br><br>Defendant. | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485, ADJUSTMENT OF STATUS<br><br>Receipt No. IOE0914847842<br>Alien No.: A064 230 236 |

**COMPLAINT FOR WRIT OF MANDAMUS**

**To the Honorable Judges of Said Court:**

Plaintiff, Mr. Metin Balikci, through undersigned counsel, alleges as follows:

## I. INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and

immunities secured to Plaintiff to compel Defendant to perform a duty Defendant owes to Plaintiff.

2. Plaintiff's wife, Hulya Balikci, filed an application for Petition for Alien Relative, Form I-130 ("Petition") to permit her husband, Plaintiff Metin Balikci, to become a Lawful Permanent Resident of the United States on January 18, 2022. On the same day, Plaintiff also filed an I-485 Application to Register Permanent Residence or Adjust Status. The Petition was approved by USCIS. To date, USCIS has not acted on the I-485 application.

3. This action is brought to compel Defendant and those acting under his supervision to take action on an Application to Adjust Status to Permanent Resident, Form I-485 ("Application") for Plaintiff Metin to become a Lawful Permanent Resident of the United States pursuant to the visa petition referenced above.

4. Plaintiff is eligible to have the Application for permanent residence adjudicated because Plaintiff's wife is a United States citizen. Plaintiff has not been convicted of any disqualifying criminal offenses, nor is he subject to a bar under the Immigration & Nationality Act.

5. Plaintiffs request that this Court issue injunctive relief and a writ in the nature of mandamus compelling the Defendant to make a determination to grant or deny the adjustment of status Application under 8 U.S.C. § 1255.

## II. JURISDICTION

6. This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1331(a) and 28 U.S.C. § 1346(a)(2). Jurisdiction is also conferred by 5 U.S.C. § 704.

7. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

## III. VENUE

8. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391(e). Defendant is an Officer of the United States acting in his official capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), and the United States Citizenship and Immigration Services ("USCIS") are agencies of the United States. Further, Plaintiff resides in this judicial district.

## IV. EXHAUSTION

9. There are no administrative remedies available for the Plaintiff to exhaust.

## V. PARTIES

10. Plaintiff Metin is the beneficiary of an approved I-130 visa petition filed by his United States citizen wife, Hulya Balikci. Plaintiff filed an I-485 adjustment Application with USCIS at the National Benefits Service Center. Plaintiff resides in Clayton County, Georgia.

11. Defendant JOSEPH B. EDLOW is the Director of USCIS, a fee-for-service agency that is responsible for the administration and enforcement of the immigration laws of the United States.

## V. FACTUAL ALLEGATIONS

12. Plaintiff is a native and citizen of Turkey who last entered the United States on a valid tourist visa. (Exhibit A).

13. The plaintiff's wife, Hulya Balikci, submitted a visa petition for her husband on January 18, 2022. (Exhibit B). Because Plaintiff Metin was present in the United States after a lawful admission, he submitted an I-485 adjustment application on the same day. (Exhibit C).

14. On March 18, 2023, USCIS conducted an interview on the I-130 visa petition and adjustment application. (Exhibit E). The result of the interview is attached, in which USCIS informed the Plaintiff that the case was being held for review. USCIS approved the Visa Petition on April 18, 2023. (Exhibit F).

15. Subsequently, Plaintiff's wife became a naturalized citizen of the United States on March 13, 2024. Therefore, this I-485 falls under the immediate relative category, and visa numbers are immediately available. (Exhibit D)

16. Since the 2023 interview, no action has been taken on the adjustment Application.

17. Plaintiff has at all times met and continues to meet the requirements necessary for the adjustment application adjudication.

18. According to USCIS, the average processing time for a Form I-485 based on Family-Based Adjustment Applications at the Atlanta Field Office is currently 11.5 months. (Exhibit G). Plaintiff's I-485 application has been pending since January 18, 2022, or nearly four years.

19. Despite the passage of a significant amount of time, it does not appear that Defendant is moving forward on adjudicating Plaintiff's Adjustment Application.

## VI. Legal Background

### A. The Mandamus Act

20. Under 28 U.S.C. § 1361, the federal mandamus statute, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

21. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002) (internal citations omitted).

### B. The Administrative Procedure Act

22. Under the Administrative Procedure Act (APA), the Court is authorized to compel agency action that has been unreasonably delayed.

5 U.S.C. § 706(1).

23. An agency must "conclude a matter presented to it . . . within a ***reasonable*** time." 5 U.S.C. § 555(b) (emphasis added).

24. Assessing the reasonableness of the delay involves a balancing test, in which a statutory requirement is a very substantial factor.

25. In determining the reasonableness, courts have applied a four-factor test:

(1) Whether the time the agency takes to make a decision is governed by a rule of reason, the context for which may be supplied by an enabling statute that provides a timetable or other indication of the speed with which Congress expects the agency to proceed;

(2) Whether human health and welfare are at stake (delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake);

(3) The effect of expediting delayed action on agency activities of a higher or competing priority; and

(4) The nature and extent of the interests are prejudiced by the delay.

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 77-79 (D.C. Cir. 1984).

## VII. APPLICATION OF THE LAW TO THE UNREASONABLE DELAY IN THIS CASE

26. According to USCIS's own published processing times, 80% of adjudications of I-485 Applications are being completed in 11.5 months. (Exhibit G).

27. The APA requires USCIS to make decisions on pending applications within a *reasonable* amount of time. *See, e.g.*, *Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020). Plaintiff's application has been pending for nearly four years. A delay this long is entirely unreasonable, as are the unexplained increases in processing times that have been announced since he filed. Plaintiffs should not be required to wait further when the announced unreasonable processing times may simply continue to grow longer.

28. A 46-month delay for adjudication of an I-485 decision is unreasonable under the APA.

**COUNT 1**

29. Plaintiff realleges and incorporates by reference items 1-28 above.

30. Plaintiff is eligible for immediate adjudication of the Application for adjustment of status.

31. Plaintiff has suffered and will continue to suffer significant and irreparable harm because of the Defendant's policies, procedures, acts, and failures to act as described herein.

32. Defendant has violated Plaintiff's statutory rights to apply for benefits which Congress has provided under the INA, depriving Plaintiff of the opportunity

to pursue adjustment of status to lawful permanent residence under 8 U.S.C. § 1255 and legally live as husband and wife in the United States.

33. Plaintiff has suffered a legal wrong or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702.

34. Plaintiff is aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

35. Defendants owe Plaintiff a clear and certain duty to adjudicate Plaintiffs' Petition and Application.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

1. Assume Jurisdiction over this action;
2. Issue a writ of mandamus compelling Defendant to immediately adjudicate the pending adjustment Application, and if approved, to deliver Plaintiff's I-551 permanent residence card to him at his address of record;
3. Retain jurisdiction during adjudication to ensure compliance with the Court's orders;
4. Award Plaintiffs reasonable costs and attorney's fees under the Equal Access to Justice Act; and

5. Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 5th day of January, 2026.

/s/ Shelby Burnam
Shelby Burnam, Esq.
Georgia Bar #: 818519
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
shelby@socheatchea.com

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Mail, postage pre-paid, on______________________:

Joseph Edlow, Director USCIS
c/o
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Theodore S. Hertzberg, U.S. Attorney,
Northern District of Georgia
75 Ted Turner Drive SW
Suite 600
Atlanta, Georgia 30303

/s/ Shelby Burnam

Shelby Burnam, Esq.
Georgia Bar #: 818519
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
shelby@socheatchea.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Metin Balikci,<br><br>Plaintiff.<br><br>v.<br><br>JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services,<br><br>Defendant. | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485, ADJUSTMENT OF STATUS<br><br>Receipt No. IOE0914847842<br>Alien No.: A064 230 236 |

**LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Plaintiff's visa and Turkish passport; |
| Exhibit B | I-130 Receipt Notice; |
| Exhibit C | I-485 Receipt Notice; |
| Exhibit D | Petitioner's Naturalization Certificate; |
| Exhibit E | Notice of Interview Results; |
| Exhibit F | I-130 Approval Notice; and |
| Exhibit G | USCIS.gov I-485 Case Processing Time. |

Certified this 5th day of January, 2026.

/s/ Shelby Burnam
Shelby Burnam, Esq.
Georgia Bar #: 818519
Attorney for the Plaintiffs
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
shelby@socheatchea.com