# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ASHLEY BARNES, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>NATSON HOTEL GROUP & MANAGEMENT, LLC, HARE KRISHNA FOREST PARK, LLC, HARE KRISHNA AUSTELL, LLC, and SUBHASH PATEL,<br><br>Defendant. | Civil Action No.:<br><br>_____ |

## COMPLAINT

Plaintiff Ashley Barnes ("Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Natson Hotel Group & Management, LLC ("Natson"), Hare Krishna Forest Park, LLC, ("HK Forest Park") Hare Krishna Austell, LLC, ("HK Austell") and Subhash "Sam" Patel ("Patel") (collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

1. In this collective action for unpaid wages brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq.*, Plaintiff alleges that Defendants willfully violated the FLSA by misclassifying and failing to compensate her and other similarly situated individuals who worked for Natson

as hotel managers for its "efficiency" hotels ("the Efficiency Hotel Managers") for all hours worked, including those in excess of 40 per week at the required overtime premium rate.

## THE PARTIES

2.      Natson is a domestic limited liability company with its principal office address located at 2030 Avalon Parkway, Suite 200, McDonough GA, 30253 ("Natson's Office").

3.      Natson may be served through its registered agent, Joel M. Haber, at Natson's Office.

4.      Natson is a hotel investment and management group, owning full service, select service, and economy properties in Florida, Georgia, Kansas, Kentucky, Massachusetts, Mississippi, Nebraska, New Hampshire, New Jersey, North Carolina, South Carolina, Texas, and Virginia.

5.      HK Forest Park is a foreign limited liability company with its principal office address located at Natson's Office.

6.       HK Forest Park may be served through its registered agent, Joel M. Haber, at Natson's Office.

7.      HK Forest Park employs employees working at Natson's Efficiency Lodge located at 5013 Courtney Dr. Forest Park, GA 30297 ("the Forest Park Lodge").

2

8.  HK Austell is a foreign limited liability company with its principal office address located at Natson's Office.

9.  HK Austell may be served through its registered agent, Joel M. Haber, at Natson's Office.

10.  HK Austell employs employees working at Natson's Efficiency Lodge located at 1968 Veterans Memorial Hwy, Austell, GA 30106 ("the Austell Lodge").

11.  Patel is the Chief Executive Officer for Natson, the managing member of HK Forest Park, and a resident of Henry County, GA.

12.  Patel may be served at his home or wherever he may be found.

13.  Plaintiff worked for Natson, HK Forest Park, and HK Austell within the three years preceding the filing of this Complaint.

14.  Plaintiff worked for Defendants as one of Efficiency Hotel Managers.

## JURISDICTION AND VENUE

15.  Under 28 U.S.C. § 1331, this Court has jurisdiction over the Efficiency Hotel Managers' claims because their claims raise questions of federal law.

16.  Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because Defendants reside in this division or a substantial part of

the events or omissions giving rise to the claims occurred in this division.

17.   Natson is subject to personal jurisdiction in this Court because it resides in Georgia, conducts substantial business in Georgia, and has a registered agent in Georgia.

18.   HK Forest Park is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia and has a registered agent in Georgia.

19.   HK Austell is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia and has a registered agent in Georgia.

20.   Patel is subject to personal jurisdiction in this Court because he is a resident of Henry County, Georgia.

## DEFENDANTS ARE COVERED BY THE FLSA

21.   Defendants are enterprises engaged in commerce and the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

22.   Defendants employ two or more individuals who regularly communicate across state lines using the internet, mail, and telephone while communicating with prospective, current, and former hotel guests and hotel vendors.

23.   Defendants employ two or more individuals who process credit card transactions while performing their job duties.

24.    Defendants employ two or more individuals who handle cleaning and maintenance tools and equipment that have traveled through interstate commerce, such as mops, vacuums, cleaning agents, and power tools, while performing their job duties.

25.    Defendants' individual gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

26.    Patel founded Natson in 2020.

27.    Since 2020, Patel has served as the CEO of Natson.

28.    Patel founded HK Forest Park and HK Austell in 2022.

29.    Patel was, and continues to be, actively involved in the day-to-day operations of Defendants.

30.    Patel has the authority to recruit, hire, promote, and fire Defendants' employees.

31.    Patel determines the employment policies applicable to Defendants' employees and has the authority to modify these policies.

32.    Patel determines how much, and in what manner, Defendants' employees are compensated.

33.    Patel maintains the employment records for Defendants' employees.

## BACKGROUND FACTS

34.    Natson hired Plaintiff as an hourly employee for Hare Krishna Austell ("HK Austell") on December 10, 2023.

35.    HK Austell operates Natson's Efficiency Lodge located at

36.    On or about February 1, 2024, Defendants promoted Plaintiff to the position of "General Manager" of HK Austell and began paying her a salary.

37.    In her position at HK Austell, Plaintiff's primary duties were processing hotel guest arrivals, performing room inspections, and answering calls from hotel guests from the reception desk.

38.    During January of 2025, Natson reassigned Plaintiff to HK Forest Park, where she continued working as a salaried "general manager."

39.    At the time of her reassignment and for the remainder of her tenure at HK Forest Park, Plaintiff's job duties remained unchanged.

40.    Throughout her tenure at both locations, Defendant paid Plaintiff an annual salary of less than $107,432.00.

41.    Upon information and belief, Defendants pay all the Efficiency Hotel Managers annual salaries of less than $107,432.00.

42.    Plaintiff had no hiring or firing authority while working at either HK Austell or HK Forest Park.

43.    Upon information and belief, none of the Efficiency Hotel Managers

have hiring or firing authority.

44.    At all times throughout Plaintiff's employment at HK Austell or HK Forest Park, Natson retained control over each hotel's hours of operations, room rates, and payroll budget.

45.    Upon information and belief, Natson has control over the hours of operations, room rates, and payroll budget for each hotel managed by the Efficiency Hotel Managers.

46.    Defendants did not pay any of the Efficiency Hotel Managers, including Plaintiff, overtime for hours worked over 40.

47.    Although the Efficiency Hotel Managers, including Plaintiff, were required to report their time through Inn-Flow's payroll and time management solutions, Defendants often automatically clocked out the Efficiency Hotel Managers at the end of their scheduled shifts, even if they were still working.

48.    Although the FLSA requires an employer to pay its employees 1.5 times their regular rate of pay for all hours worked over 40, Defendants refused to pay the Efficiency Hotel Managers for all of their time.

49.    On July 29, 2025, Plaintiff submitted a formal complaint to Natson's Senior Vice President of Human Resources, Chelsea Wynn.

50.    In her complaint, Plaintiff complained that she was working over 50 hours a week without receiving any overtime compensation.

51.    In response to Plaintiff's complaint, Wynn scheduled a telephone conference between Wynn, Plaintiff, Abigail Ellis, who served in Natson's human resources department, and Tim Brinson, who served as Natson's Senior Vice President of Operations.

52.    Two days after Natson's representative refused to acknowledge Plaintiff's compensation complaints, Wynn terminated Plaintiff.

### COUNT I: VIOLATION OF THE FLSA- OVERTIME (ALL DEFENDANTS)

53.    The FLSA requires employers to compensate employees who are on duty at a prescribed workplace and requires payment for all hours worked, including those over 40. 29 CRF § 553.221(b).

54.    The Efficiency Hotel Managers were entitled to be paid for all hours worked during the continuous workday, including those in excess of 40 per work week, which must be paid at a rate of one and one-half times the regular rate.

55.    Defendants misclassified Plaintiff and similarly situated Efficiency Hotel Managers as salaried employees and denied them overtime for hours worked in excess of 40 per work week.

56.    Defendants did not keep accurate records of all hours worked by Plaintiff and similarly situated Efficiency Hotel Managers.

57.    The Efficiency Hotel Managers regularly worked more than 40 hours per week while employed by Defendants.

58. Defendants failed to pay the Efficiency Hotel Managers 1.5 times their regular rate of pay for any hours worked over 40 per workweek.

59. Defendants suffered or permitted the Efficiency Hotel Managers to work hours in excess of 40 on a consistent basis.

60. Defendants knew that Efficiency Hotel Managers worked more than 40 hours a week on a consistent basis.

61. Despite knowing that the Efficiency Hotel Managers worked more than 40 hours per week, Defendants chose not to pay the Efficiency Hotel Managers the proper overtime premium rate for all hours worked over 40 per workweek.

62. Defendants violated the FLSA's overtime provision willfully and with reckless disregard for the Efficiency Hotel Managers' rights.

## COUNT II: FLSA RETALIATION (AGAINST NATSON AND HK FORREST PARK)

63. Employers are prohibited from retaliating against an employee who opposes violations of the FLSA.

64. Plaintiff complained to Wynn about the illegality of Natson and HK Forest Park's refusal to compensate her for overtime hours.

65. Plaintiff's complaint was made in good faith based on her reasonable belief that she was entitled to overtime pay.

66. Plaintiff's complaint to Wynn was a protected activity.

9

67.    Natson and HK Forest Park retaliated against Plaintiff's complaint by terminated her employment.

68.    Natson and HK Forest Park terminated Plaintiff's employment because she complained to Wynn about their illegal payment practices.

69.    Natson and HK Forest Park's unlawful retaliation caused Plaintiff to suffer lost wages and benefits, mental and emotional distress, liquidated damages, costs and attorneys' fees, and other damages under the FLSA.

## DEMAND FOR JUDGMENT

Plaintiff, on behalf of herself and the Efficiency Hotel Managers respectfully request that the Court:

I.    Conditionally certify a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated current and former employees of Defendants by informing them of their right to join as to Plaintiff's Count I;

II.    Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Plaintiff and other similarly situated under the FLSA;

III.    Declare that Defendants' violations of the rights of Plaintiff and other similarly situated under the FLSA were willful;

IV.    Award Plaintiff and others similarly situated all unpaid wages, including

10

overtime, for a period of three years;

V. Award Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. With respect to Plaintiff's claim for FLSA retaliation, award lost wages, liquidated damages, and compensatory damages for mental and emotional distress;

VII. Award Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses;

VIII. Award pre- and post- judgment interest at the maximum rates allowable by law; and

IX. Award all other relief to which Plaintiff and others similarly situated may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted, this January 26, 2026.

11

**PARKS, CHESIN & WALBERT, P.C.**
1355 Peachtree Street NE
Suite 2000
Atlanta, GA 30309
Telephone:  404-873-8000
acoffman@pcwlawfirm.com
jdean@pcwlawfirm.com

*/s/ James D. Dean*
Andrew Y. Coffman
Georgia Bar No. 173115
James D. Dean
Georgia Bar No. 696656

*Counsel for Plaintiff*

12