IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>    v.<br><br>ONE MEN'S 18-KARAT ROSE GOLD ROLEX WATCH, MODEL PRESIDENT 40, SERIAL NUMBER 228235;<br><br>ONE MEN'S 14-KARAT ROSE GOLD DIAMOND 18-INCH NECKLACE, MODEL MIAMI CUBAN; AND<br><br>ONE MEN'S 14-KARAT ROSE GOLD CUSTOM DIAMOND PENDANT,<br>    DEFENDANTS. | Civil Action No. |

## **VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, United States of America, by Theodore S. Hertzberg, United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against the following property that the U.S. Drug Enforcement Administration ("DEA") seized on or about July 2, 2025, at 12250 Broadwell Road, Alpharetta, Georgia 30004, as part of a drug trafficking investigation:

    a. one (1) men's 18-karat rose gold Rolex watch, model President 40,

     serial number 228235;

  b. one (1) men's 14-karat rose gold diamond 18-inch necklace, model Miami Cuban; and

  c. one (1) men's 14-karat rose gold custom diamond pendant,

(collectively, "Defendant Property").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5. The Defendant Property is presently being held in a secure location outside this district maintained by the U.S. Marshals Service.

## BASIS FOR FORFEITURE

### Relevant Statutes

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

7. The Defendant Property also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from

proceeds traceable to a violation of a "specified unlawful activity."

8. 18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9. 18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

10. Marijuana is a Schedule I controlled substance pursuant to 21 U.S.C. § 812.

## Factual Background

*DEA Investigates Michael Musie for Marijuana Trafficking*

11. Beginning in or around May 2024, and continuing through at least July 2025, DEA investigated Michael Musie, also known as "Heffe," as a large-scale marijuana trafficker operating in the metropolitan area of Atlanta, Georgia, which is within the Northern District of Georgia.

12. During the investigation, DEA observed numerous posted photographs and videos on various social media accounts identified as belonging to Michael Musie that displayed large quantities of suspected marijuana and large bundles of cash. In some of the videos, Michael Musie is heard stating that he has "deals on boxes" and "hurry up and buy" in an apparent reference to marijuana.

13. Based on the experience and training of the affiant to this Complaint, DEA Special Agent Jengelley, the display of a large amount of suspected marijuana together with large amounts of cash on social media often is used by drug traffickers to communicate involvement in the unlawful distribution of such substances and to arrange the sale and delivery of marijuana.

14. For example, as shown in the image below, on or about September 10,

2024, one of Michael Musie's social media accounts displayed an image of three bags filled with suspected marijuana with the caption, "What are we doing today?".



15. On or about September 6, 2024, DEA reviewed a video posted on one of Michael Musie's social media accounts, where Michael Musie says to the camera: "winter time about ..... . I don't care if you got enough money to buy a bag .... everybody that follow me, that locked in with me .... I'm finna

set up that new page, y'all can hit the DM, every day the stories gonna have what's on the menu, I'm gonna have a spot y'all can pull up, a number y'all can call, y'all pull up wide open come in peace …. do not come around the animals playing games."

16. On or about May 30, 2025, DEA obtained a State search warrant for the social media accounts associated with Michael Musie.

17. Upon review of the social media account search warrant returns, DEA discovered numerous communications between Michael Musie and others discussing the price of marijuana, sale of marijuana and arranging delivery of marijuana. The returns also included numerous photographs of suspected marijuana, including bundles of suspected marijuana packaged in a manner consistent with drug trafficking, stacks of bundled cash and at least one suspected firearm.

18. On or about May 13, 2025, a DEA, acting in an undercover capacity, called the telephone number that the investigation confirmed as belonging to Michael Musie.

19. A man answered the telephone.

20. The voice matched Michael Musie's voice in videos that DEA had reviewed on his social media accounts.

21. During the telephone call, Michael Musie quoted a price of $950 for "the ticket." The DEA undercover agent understood the reference to a "ticket" to refer to marijuana.

22.    At all times relevant herein, there is no evidence that Michael Musie earned legitimate income, or was legitimately employed.

*Arrest of Michael Musie and Seizure of Defendant Rolex Watch*

23. On or about July 2, 2025, Michael Musie was arrested by Sandy Springs Police Department, pursuant to an immigration detainer from U.S. Immigration and Customs Enforcement.

24. At the time of arrest, law enforcement seized Defendant one (1) men's 18-karat rose gold Rolex watch, model President 40, serial number 228235, among other items. Below is a true and accurate depiction of the property at the time of seizure:



*Seizure of Defendant Necklace and Defendant Pendant*

25. On the same day as Michael Musie's arrest, *i.e.*, July 2, 2025, DEA executed a State search warrant at 12250 Broadwell Road, Alpharetta, Georgia,

which the investigation had identified as Michael Musie's residence.

26. At the time of the search, Michael Musie's girlfriend, Brianna Flynn, and two minors were present.

27. Alpharetta Police Department certified illegal narcotics detection canine, "Axel," conducted a search of the residence and gave a positive alert to the presence of illegal narcotics at various locations throughout the residence, including at a nightstand in the primary bedroom which law enforcement believed belonged to Michael Musie.

28. Law enforcement discovered marijuana residue on the nightstand.

29. DEA also discovered Defendant men's 14-karat rose gold diamond 18-inch necklace, model Miami Cuban, and Defendant men's 14-karat rose gold custom diamond pendant on the nightstand. Below is a true and accurate depiction of the property at the time of seizure:



*Drug-Related Arrests and Convictions*

30. On or about June 4, 2014, Michael Musie was convicted of possession of a Schedule IV controlled substance in the Superior Court for the County of Calhoun, State of Georgia.

*Administrative Proceedings*

31. DEA initiated administrative forfeiture proceedings against the Defendant Property.

32. On or about November 19, 2025, Malcolm Conner, Esq., filed an administrative claim with DEA on behalf of Eric & Co Trading Group, LLC. Eric Mavachev signed the claim.

33. In the claim, Mr. Mavachev alleged that Eric & Co Trading Group, LLC was the sole owner of Defendant one (1) men's 18-karat rose gold, model President 40, Rolex watch, serial number 228235 and had allowed Michael Musie to temporarily borrow said watch.

34. Mr. Mavachev further alleged that Eric & Co Trading Group, LLC had designed and produced Defendant men's 14-karat rose gold, model Miami Cuban, diamond 18-inch necklace and Defendant men's 14-karat rose gold custom diamond pendant at the request of Michael Musie. Mr. Mavachev further alleged that because Michael Musie had failed to pay the full amount owed on the jewelry, the company was entitled to repossess the property, pursuant to an agreement between the company and Michael Musie.

35. The administrative claim listed Mr. Conner's address as the Law Office of Malcolm P. Conner, 3340 Peachtree Road, Suite 2275, Atlanta, GA 30326.

36. Pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter to the U.S. Attorney's Office for the Northern District of Georgia for judicial forfeiture proceedings.

## FIRST CLAIM FOR FORFEITURE
### 21 U.S.C. § 881(a)(6)

37. The United States re-alleges and incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Based on the foregoing, the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

## SECOND CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

39. The United States re-alleges and incorporates by reference Paragraphs 1 through 36 of this Verified Complaint for Forfeiture as if fully set forth herein.

40. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, that is, the illegal distribution of controlled substances.

[CONTINUED ON NEXT PAGE]

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Property to the United States of America;

(2) that the Court award the United States the costs of this action; and

(3) that the United States have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 9th day of February 2026.

    Respectfully submitted,

    THEODORE S. HERTZBERG
      *United States Attorney*
      *600 U.S. Courthouse*
      *75 Ted Turner Drive SW*
      *Atlanta, GA 30303*
      *(404) 581-6000   fax (404) 581-6181*

/s/SEKRET T. SNEED
    *Assistant United States Attorney*
    Georgia Bar No. 252939
    sekret.sneed@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>    v.<br><br>ONE MEN'S 18-KARAT ROSE GOLD ROLEX WATCH, MODEL PRESIDENT 40, SERIAL NUMBER 228235;<br><br>ONE MEN'S 14-KARAT ROSE GOLD DIAMOND 18-INCH NECKLACE, MODEL MIAMI CUBAN; AND<br><br>ONE MEN'S 14-KARAT ROSE GOLD CUSTOM DIAMOND PENDANT,<br>    DEFENDANTS. | Civil Action No. |

**<u>VERIFICATION OF COMPLAINT FOR FORFEITURE</u>**

I, Deane H. Jengelley, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 7th day of February 2026.

*Deane Jengelley*
Deane H. Jengelley
Special Agent
U.S. Drug Enforcement Administration