**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JONATHAN SZITAR,** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | |
| **LEXISNEXIS RISK** ) | **JURY TRIAL DEMANDED** |
| **SOLUTIONS INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Jonathan Szitar, against Defendant LexisNexis Risk Solutions Inc. ("LexisNexis") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## PARTIES

2.      Plaintiff Jonathan Szitar is an adult individual residing in the state of Texas.

3.      Defendant LexisNexis is a consumer reporting agency which regularly conducts business in the Northern District of Georgia and has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

## JURISDICTION & VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's automobile insurance and claims history to third parties ("inaccurate information") from at least February 2024 through the present.

7.      The inaccurate information includes, but is not limited to, the reporting of automobile insurance claims, automobile accidents and personal identifying information.

8.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's driving and insurance claims history, Plaintiff's financial responsibility as a consumer, and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9.      The inaccurate information belongs to other consumers, including Plaintiff's twin brother Cory Szitar, and not to Plaintiff.

10.     While Plaintiff and his twin brother share the same last name and birthday – as do most twins – they have different first names, middle names, social security numbers, and other personal information.

11.     Due to Defendant's faulty procedures, Defendant mixed the consumer file of Plaintiff and that of other consumers, including his twin brother, with respect to the inaccurate information and other personal identifying information.

12.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer information and consumer reports that it has disseminated to various persons, insurers, and credit grantors, both known and unknown, from at least February 2024 through the present.

13.     Plaintiff's credit reports have been obtained from Defendant by such third parties from at least February 2024 through the present.

14.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of automobile insurance rate increase or loss of automobile insurance opportunity, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

15.     Plaintiff has been informed that the basis and/or substantial factor for those denials was the inaccurate information that appears on Plaintiff's consumer reports.

16.    In June 2025, Plaintiff contacted Defendant to alert it to some of the inaccurate information from his twin brother in his file.

17.    Defendant received Plaintiff's first dispute.

18.    In response to Plaintiff's first dispute, Defendant removed some of Plaintiff's twin brother's information from his file, but not all.

19.    In January 2026, Plaintiff again contacted Defendant to dispute inaccurate information, including his twin brother's information, in his file.

20.    Defendant received Plaintiff's second dispute.

21.    Defendant failed to conduct a reasonable reinvestigation.

22.    In response to Plaintiff's second dispute, Defendant removed some of the erroneous information from Plaintiff's file.  But it failed to remove all of the other individual(s) information from his file.

23.    For example, Plaintiff's twin brother's name and insurance information remained in Plaintiff's file following his dispute.

24.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

25.    At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and

in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**FIRST CLAIM FOR RELIEF**

**(15 U.S.C. § 1681i(a))**

26.     Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

27.     Defendant violated 15 U.S.C. § 1681i by, among other things, failing to (1) "conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller," and (2) provide to Plaintiff the notices required under 15 U.S.C. § 1681i(a)(6).

28.     Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

29.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

30. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

31. As a result of these FCRA violations, Plaintiff has suffered, and continues to suffer, actual damages, lost opportunities to receive credit, economic loss, damage to reputation, reduction in credit score, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

32. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b))

34. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

35. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

36. Defendant reported information about Plaintiff that it had reason to know was inaccurate.

37. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

38. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

39. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

40. Defendant's violations of 15 U.S.C. § 1681e(b) were willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

42.   Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  An award of actual, statutory and punitive damages for Plaintiff;

b.  An award of pre-judgment and post-judgment interest as provided by law;

c.  An award of attorneys' fees and costs; and

d.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: February 12, 2026

By: /s/ Andrew Weiner

    Andrew L. Weiner
    Georgia Bar No. 808278
    Jeffrey B. Sand
    Georgia Bar No. 181568
    WEINER & SAND LLC
    6065 Roswell Road
    Suite 700-121
    Sandy Springs, GA  30328
    (404) 254-0842 (Tel.)
    (866) 800-1482 (Fax)
    aw@wsjustice.com
    js@wsjustice.com

    COUNSEL FOR PLAINTIFF