# Exhibit D



250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

October 24, 2025

**VIA ELECTRONIC MAIL AND OPEN RECORDS PORTAL**

Brad Raffensperger
Georgia Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov

**Re:   Notice of Violation of the National Voter Registration Act**

Secretary Raffensperger:

Black Voters Matter Fund ("BVMF"), Communications Workers of America ("CWA") Local 3204, and CWA Local 3204 Retired Members Council (together, "Requestors") submit this notice informing you that you have violated the National Voter Registration Act ("NVRA") by failing to disclose records in response to their September 22, 2025 public inspection request under 52 U.S.C. § 20507(i).

You have 90 days to correct this violation. If you fail to do so, Requestors will be authorized to sue to enforce compliance under 52 U.S.C. § 20510(b).

**I.    Records Request**

On September 22, 2025, Requestors submitted a request to inspect records relating to your recent efforts to purge over 471,000 individuals from the State's official list of eligible voters. *See* Ex. A ("Records Request"). The Records Request sought seven categories of information:

1. For all voters on the Purge List, records sufficient to show the following:

    a) Their date of birth;

    b) The date on which they were sent an initial mailing or notice,[1] and the address to which it was sent;

---

[1] All references to "mailings" or "notices" in these requests refer to any notices sent under or relating to 52 U.S.C. § 20507(d)(2).

  c) The date on which they were sent any follow-up mailing or notice, and the address to which it was sent;

  d) Whether they responded to any initial or follow-up mailing or notice, and if so, the date(s) and the substance of any such response;

  e) Whether the mailing or notice issued to the voter was returned as undeliverable;

  f) The last election in which they voted;

  g) The last time they submitted or updated a voter registration application; and,

  h) Whether their voter registrations have been canceled as a result of your office's recent purge and the basis for that cancellation.

2. A list of all voters who were sent mailings or notices in the past five years, including the following information:

  a) Their name, date of birth, and residential and mailing addresses;

  b) Their unique voter identification number;

  c) The basis for which you sent them a mailing or notice (for instance, which of the four enumerated categories from your press release you believed the voter may fall into);

  d) The date on which they were sent an initial mailing or notice, and the address to which it was sent;

  e) The date on which they were sent any follow-up mailing or notice, and the address to which it was sent;

  f) Whether they responded to any initial or follow-up mailing or notice, and if so, the date(s) and the substance of any such response;

  g) The last election in which they voted; and,

  h) The last time they submitted or updated a voter registration application.

3. Records sufficient to show the substance of all initial and follow-up mailings and notices to registered voters in the past five years;[2]

---

[2] For avoidance of doubt, this request does not seek copies of every mailing sent to every voter, only copies sufficient to show the substance of what was communicated in those mailings or notices. To the extent different batches of mailings or notices contained different substantive messages, sufficient records should be produced to show that.

4. All records reflecting your methodology in using cross-state data from ERIC to identify voters who may have moved out of state, including details about how you used such data to identify which registered voters would be sent mailings or notices and/or would be placed on the Purge List, and any reports, records, or data that you received from ERIC.

5. All records reflecting your methodology in using NCOA data to identify voters who may have changed their addresses, including details about the data fields you used to match or compare NCOA data with Georgia's list of registered voters, and how you used such data to identify which registered voters would be sent mailings or notices and/or would be placed on the Purge List;

6. All records reflecting your methodology in determining which voters had no contact with their election office for the last 5 calendar years; and,

7. All records reflecting your methodology in determining which voters' local elections offices received returned undeliverable mail when attempting to mail to the address on record.

*Id.* at 3–5 (further detailing requests).

You are required to maintain such records and to allow for public inspection under 52 U.S.C. 20507(i), which directs states to "make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters."

## II.    Your Response to the Records Request

On October 9, 2025, your office responded to the Records Request with two largely identical emails. *See* Exs. B, C. The only record you produced was a spreadsheet listing four categories of information for voters on the purge list: county, voter ID number, "Inactive Status Reason" (i.e., "NCOA," "No Contact," "Returned Mail," or "Cross State"), and current registration status. Deficiencies in your response include:

**Records regarding voters (Requests 1–2):** You failed to produce records reflecting when voters were sent initial and follow-up notices and if such notices were returned undeliverable, *see* Ex. A, Reqs. 1(b), (c), & (e); Reqs. 2(d)-(e); records showing whether voters responded to notices and the dates and substance of such responses, *see id.*, Req. 1(d); Req. 2(f)*;* and records reflecting when voters last submitted or updated a voter registration application, *see id.*, Req. 1(g); Req. 2(h).

And though you objected to producing records identifying when cancelled voters last voted because such information is not kept for cancelled voters in the public voter file, *see* Exs. B

3

& C, you failed to indicate whether you possess other records besides that public voter file that are responsive to the request. *See* Ex. A, Req. 1(f); Req. 2(g).

Moreover, if your objection is meant to suggest that such information was removed from the public voter file when voters' registrations were cancelled, that would violate the NVRA's requirement that you maintain all records relating to list maintenance for at least two years. 52 U.S.C. 20507(i).

Further, your objection to producing dates of birth in response to Requests 1(a) and 2(a) is improper because Georgia law exempts only a voter's "day and month of birth"—not year—from disclosure. O.C.G.A. § 50-18-72(a)(20)(A).

**Records regarding the substance of mailing and notices (Request 3):** You failed to produce records showing the substance of mailings and notices. *See id.*, Req. 3.

**Records regarding methodology (Requests 4–7):** You failed to produce records relating to the methodology used in determining which voters to send notices to or which voters' registrations to cancel. *See id.*, Reqs. 4–7. In response to Request 4, you objected to providing ERIC data, citing state law, *see* O.C.G.A. §21-2-225(d)(5), but did not object under the NVRA. Aside from your objection to producing ERIC data, your methodology in using such data is clearly within the scope of the NVRA, and you failed to produce records relating to that methodology without lodging an objection.

In response to Request 6, you stated that the "process for determining whether or not someone is on the No Contact list is in state law." But this mere citation to state law is insufficient; Requestors seek *records* relating to your methodology in determining *which* voters had no contact with election offices, and you produced no records at all, including none substantiating your apparent assertion that your methodology was consistent with state law.

Finally, it does not appear you responded to Requests 5 and 7 at all.

### III.    Violation of the NVRA

Your failure to produce records in response to most of the topics covered in the Records Request violates the NVRA's disclosure provision, 52 U.S.C. § 20507(i). Although you objected to producing records that you claim are exempt from disclosure under the Georgia Open Records Act ("GORA"), NVRA requires states to "make available for public inspection . . . *all records*

4

concerning" list maintenance activities. To the extent GORA purports to limit the disclosure of these records, the NVRA is federal law and thus preempts such restrictions.[3]

       Courts construe the NVRA's public inspection requirement broadly. *See, e.g., Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1336 (N.D. Ga. 2016); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 720 (S.D. Miss. 2014); *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012). The records sought by Requestors undoubtedly fall under that provision because each category of records "concern[s] the implementation of" Georgia's recent voter roll maintenance activities. 52 U.S.C. 20507(i). The NVRA's disclosure provision reflects Congress's belief that "disclosure will assist the identification of both error and fraud in the preparation and maintenance of voter rolls." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). Without the requested records, Requestors are unable to effectively assess Georgia' recent purge of voter rolls for compliance with the NVRA, identify any errors in that purge, or assist any of its members or constituents who are impacted by the purge.

                                               *       *       *

       In sum, your failure to produce the documents described in the Records Request violates the NVRA, and we ask that you supplement your response and produce the requested records as soon as possible. For avoidance of doubt, this letter is intended to satisfy the requirements of 52 U.S.C. § 20510(b)(1).

                                      Respectfully,

                                      */s/ Uzoma N. Nkwonta*
                                      Uzoma N. Nkwonta
                                      Branden D. Lewiston
                                      Marcos Mocine-McQueen
                                      **ELIAS LAW GROUP LLP**
                                      250 Massachusetts Avenue NW, Suite 400
                                      Washington, D.C. 20001
                                      unkwonta@elias.law
                                      blewiston@elias.law
                                      mmcqueen@elias.law
                                      Tel: (202) 968-4652

                                      */s/ Adam M. Sparks*
                                      Adam M. Sparks
                                      **KREVOLIN & HORST, LLC**
                                      1201 W. Peachtree St., NW

---

[3] To be sure, the NVRA does not preclude the redaction of highly sensitive voter data such as driver's license numbers or partial social security numbers. *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024); *Project Vote*, 208 F. Supp. 3d at 1334; *see also* O.C.G.A. § 50-18-72(a)(20)(A) (listing sensitive information protected under Georgia law).

Suite 3500, One Atlantic Center<br>
Atlanta, GA 30309<br>
Email: sparks@khlawfirm.com<br>
Tel: (404) 888-9700<br>
<br>
*Counsel for Black Voters Matter Fund,*<br>
*CWA Local 3204, and CWA Local 3204*<br>
*Retired Members Council*

cc:

Blake Evans
Elections Director
Georgia Secretary of State's Office
2 MLK Jr. Dr. S.E.
STE 802, Floyd W. Tower
Atlanta, GA 30334
elections@sos.ga.gov

Open Records Officer
Georgia Secretary of State's Office
2 MLK Jr. Dr. S.E.
STE 802, Floyd W. Tower
Atlanta, GA 30334
Submitted as attachment through Open Records Portal at:
*htttps://sosga.justfoia.com/Forms/Launch/d705cbd6-1396-49b7-939e-8d86c5a87deb*

# Exhibit A



250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

September 22, 2025

**VIA ELECTRONIC MAIL AND OPEN RECORDS PORTAL**

Brad Raffensperger
Georgia Secretary of State
214 State Capitol
Atlanta, GA 30334
soscontact@sos.ga.gov

**Re: Public Records Request under the National Voter Registration Act and Georgia's Open Records Act**

Secretary Raffensperger,

Black Voters Matter Fund, Communications Workers of America ("CWA") Local 3204, and CWA Local 3204 Retired Members Council submit this request for public records under the National Voter Registration Act ("NVRA"), 52 U.S.C. §§ 20501, *et seq*., and the Georgia Open Records Act ("GORA"), O.C.G.A. § 50-18-70, *et seq*., relating to your recent efforts to purge nearly 480,000 Georgia voters from state rolls.

We request that responsive records are produced within three days of receipt of this letter to Branden Lewiston at blewiston@elias.law. We request that records are produced in native format when available. When not available in native format, we request that records are produced as machine-readable PDFs.

**I.      Background on Georgia voter purge**

In a July 10, 2025 press release, you announced that your office was sending cancellation notices to 477,883 registered voters who your office contends have been in Inactive Status for the November 2022 and 2024 general elections.[1] You claimed that the cancellation program would be the "largest mailing of its kind" in eight years, which has generated public concern that the purge

---

[1] *Secretary Raffensperger Continues Multi-Step List Maintenance Audit*, Georgia Secretary of State's Office, July 10, 2025, https://sos.ga.gov/news/secretary-raffensperger-continues-multi-step-list-maintenance-audit.

may improperly remove eligible voters—particularly minority voters and voters who move frequently.[2]

According to the press release, voters subject to cancellation fall into four categories:

- 180,473 voters identified "as having moved out of state through Georgia's membership in the Electronic Registration Information Center" ("ERIC").

- 87,027 voters identified "as having filed a national change of address" ("NCOA") with the United States Postal Service.

- 105,848 voters identified "as having no contact with their elections office in 5 calendar years," meaning the voter "did not vote, submit an updated registration application, or have other activity with their elections office."

- 104,535 voters "identified because their local elections office received returned undeliverable mail when attempting to mail to the address on record."

You further claimed in the press release that "[i]n all cases, voters were sent a mailer when they went to Inactive status, and all records are being sent another mailer now informing them that they will be canceled if they do not respond." You said that voters mailed a notice will be given 40 days to respond by submitting an update through an online portal or returning a postcard included with the cancellation mailer. Your office also published a list of voters that would receive the cancellation mailing ("**Purge List**"). News reports indicate that your office recently canceled voter registrations of nearly 471,000 voters as a result of this purge.[3]

The information provided in the press release raises as many questions as it provides answers. To start, it is unclear when the voters were sent mailers or notices relating to their registration status, and the press release does not describe the contents of any mailers or notices. The press release also fails to explain your office's methodology for identifying voters to be sent

---

[2] *See, e.g.*, Thomas Wheatley, *Georgia to cut nearly 480,000 names from voter rolls*, AXIOS, July 11, 2025, https://www.axios.com/local/atlanta/2025/07/11/georgia-voter-roll-purge-2024-raffensperger; Christopher King, *Latest Georgia election roll purge targets nearly 478K inactive voters*, FOX5 ATLANTA, July 10, 2025, https://www.fox5atlanta.com/news/latest-georgia-election-roll-purge-targets-nearly-478k-inactive-voters.

[3] Rob DiRienzo, *Georgia finalizes cancelation of nearly 471,000 voter registrations*, FOX5 ATLANTA, August 22, 2025, https://www.fox5atlanta.com/news/georgia-finalizes-cancelation-voter-purge-registrations.

2

mailers or notices. For these reasons among others, additional clarity is required to ensure that this purge program does not improperly remove Georgia voters from the rolls.

## II.     Background on NVRA public records provision and GORA

Section 8 of the NVRA requires states to "make available for public inspection . . . *all records* concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1) (emphasis added).

Courts construe "all records" broadly. *See, e.g., Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1336 (N.D. Ga. 2016); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 720 (S.D. Miss. 2014); *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012). Such records include electronic information contained in a state's computerized voter registration databases. *Project Vote*, 208 F. Supp. 3d at 1336. It also includes but is not limited to "lists of the names and addresses of all persons to whom notices . . . are sent, and information concerning whether or not each such person has responded to the notice." 52 U.S.C. § 20507(i)(2).

Similarly, GORA provides that, subject to certain inapplicable exceptions, "all public records" are open to inspection. O.C.G.A. § 50–18–71(a). GORA contains a "strong presumption" of public access, *id.* at § 50–18–70(a); compliance is "not discretionary, but mandatory," *Griffin Indus., Inc. v. Georgia Dep't of Agric.*, 313 Ga. App. 69, 72, 720 S.E.2d 212, 215 (2011) (citation omitted).

Your failure to disclose the information requested would violate the NVRA and GORA and provide a cause of action to sue to compel compliance. 52 U.S.C. § 20510 (providing for private right of action under NVRA and for attorneys' fees for prevailing party); O.C.G.A. § 50–18–73 (similar for GORA).

## III.    Requests for records under the NVRA and GORA

In light of the gravity of your purge program—which has removed over 470,000 voters from the rolls, and which you described as the largest in eight years—we request that you and your agents produce records in response to the below requests within the next three days. Our requests are made under both the NVRA, 52 U.S.C. § 20507(i), and GORA, O.C.G.A. § 50-18-70, *et seq*.

Records to be produced:

1. For all voters on the Purge List, records sufficient to show the following information:

    a)  Their date of birth;

    b) The date on which they were sent an initial mailing or notice,[4] and the address to which it was sent;

    c) The date on which they were sent any follow-up mailing or notice, and the address to which it was sent;

    d) Whether they responded to any initial or follow-up mailing or notice, and if so, the date(s) and the substance of any such response;

    e) Whether the mailing or notice issued to the voter was returned as undeliverable;

    f) The last election in which they voted;

    g) The last time they submitted or updated a voter registration application; and,

    h) Whether their voter registrations have been canceled as a result of your office's recent purge and the basis for that cancellation.

2. A list of all voters who were sent mailings or notices in the past five years, including the following information:

    a) Their name, date of birth, and residential and mailing addresses;

    b) Their unique voter identification number;

    c) The basis for which you sent them a mailing or notice (for instance, which of the four enumerated categories from your press release you believed the voter may fall into);

    d) The date on which they were sent an initial mailing or notice, and the address to which it was sent;

    e) The date on which they were sent any follow-up mailing or notice, and the address to which it was sent;

    f) Whether they responded to any initial or follow-up mailing or notice, and if so, the date(s) and the substance of any such response;

    g) The last election in which they voted; and,

    h) The last time they submitted or updated a voter registration application.

---

[4] All references to "mailings" or "notices" in these requests refer to any notices sent under or relating to 52 U.S.C. § 20507(d)(2).

4

3. Records sufficient to show the substance of all initial and follow-up mailings and notices to registered voters in the past five years;[5]

4. All records reflecting your methodology in using cross-state data from ERIC to identify voters who may have moved out of state, including details about how you used such data to identify which registered voters would be sent mailings or notices and/or would be placed on the Purge List, and any reports, records, or data that you received from ERIC.

5. All records reflecting your methodology in using NCOA data to identify voters who may have changed their addresses, including details about the data fields you used to match or compare NCOA data with Georgia's list of registered voters, and how you used such data to identify which registered voters would be sent mailings or notices and/or would be placed on the Purge List;

6. All records reflecting your methodology in determining which voters had no contact with their election office for the last 5 calendar years; and,

7. All records reflecting your methodology in determining which voters' local elections offices received returned undeliverable mail when attempting to mail to the address on record.

If fees for searching, compiling, or delivering these records exceed $1,000, please inform us before undertaking the expense; otherwise, please produce the records as soon as possible within three business days. *See* O.C.G.A. § 50-18-71(b)(1)(A).

If it will take longer than three business days to produce all responsive records, please promptly and also within three business days provide a time estimate for how long it will take to produce these records by electronic mail, and please produce responsive records on a rolling basis. *Id.*

If you deny any part of the request, please cite each specific exemption or exception on which you base your denial. *See* O.C.G.A. § 50-18-71(d). It is our preference to receive such records expeditiously, with only those redactions applied as are strictly required by law.

* * *

---

[5] For avoidance of doubt, this request does not seek copies of every mailing sent to every voter, only copies sufficient to show the substance of what was communicated in those mailings or notices. To the extent different batches of mailings or notices contained different substantive messages, sufficient records should be produced to show that.

5

Respectfully,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta
Branden D. Lewiston
Marcos Mocine-McQueen
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
unkwonta@elias.law
blewiston@elias.law
mmcqueen@elias.law
Tel: (202) 968-4652

*s/ Adam M. Sparks*
Adam M. Sparks
**KREVOLIN & HORST, LLC**
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Email: sparks@khlawfirm.com
Tel: (404) 888-9700

*Counsel for Black Voters Matter Fund, CWA Local 3204, and CWA Local 3204 Retired Members Council*

cc:

Blake Evans
Elections Director
Georgia Secretary of State's Office
2 MLK Jr. Dr. S.E.
STE 802, Floyd W. Tower
Atlanta, GA 30334
elections@sos.ga.gov

Open Records Officer
Georgia Secretary of State's Office
2 MLK Jr. Dr. S.E.
STE 802, Floyd W. Tower
Atlanta, GA 30334
Submitted as attachment through Open Records Portal at:
*https://sosga.justfoia.com/Forms/Launch/d705cbd6-1396-49b7-939e-8d86c5a87deb*

6

# Exhibit B

Outlook

## Georgia Secretary of State - Open Records Request ORR-2025-701

**From** Open Records (Georgia Secretary of State) <SOSGA@request.justfoia.com>
**Date** Thu 10/9/2025 2:23 PM
**To** Adam M. Sparks <sparks@khlawfirm.com>

Dear Adam M. Sparks,

The Secretary of State's Office is in receipt of your request.

The cancellation mailer was sent on July 10, 2025, for most of the state. The original public NGE file contained mailing addresses. Here is the news release with the link to the file:
https://sos.ga.gov/news/secretary-raffensperger-continues-multi-step-list-maintenance-audit

Regarding the list of voters that were cancelled, please see the voter roll attached. Additionally, that list will show which records responded to the notice to remain on the voter roll.

Full dates of birth are protected under O.C.G.A. §50-18-72(a)(20)(A).

Regarding the "basis for which you sent them a mailing", the public list in our news release shows Inactive Reason for each record.

ERIC data is not subject to disclosure under O.C.G.A. §21-2-225(d)(5).

The process for determining whether or not someone is on the No Contact list is in state law (O.C.G.A. §21-2-234).

Regarding the request the last election in which these people voted, this information is contained in a public voter file that we sell containing Active and Inactive voters. Cancelled voters are not in that file; therefore, the records are not contained in the format requested (our office is not required to create customized records pursuant to O.C.G.A. § 50-18-71(b)(1)(A) O.C.G.A. § 50-18-71(j)).

If there are additional records you seek, please let us know.

Thank you,



Georgia Secretary of State

2 MLK Jr. Drive SE
West Tower Suite 802
Atlanta, Georgia 30334
openrecords@sos.ga.gov



# Exhibit C

Outlook

## Georgia Secretary of State - Open Records Request ORR-2025-701: Completed

**From** JustFOIA Notification <SOSGA@request.justfoia.com>
**Date** Thu 10/9/2025 2:29 PM
**To** Adam M. Sparks <sparks@khlawfirm.com>
**Cc** openrecords@sos.ga.gov <openrecords@sos.ga.gov>

**RE: Records Request: Request Number: ORR-2025-701** - Submitted On: Monday, September 22, 2025

Dear Adam M. Sparks,

The Secretary of State's Office is in receipt of your request.

The cancellation mailer was sent on July 10, 2025, for most of the state. The original public NGE file contained mailing addresses. Here is the news release with the link to the file:
https://sos.ga.gov/news/secretary-raffensperger-continues-multi-step-list-maintenance-audit

Regarding the list of voters that were cancelled, please see the voter roll in the responsive documents section. Additionally, that list will show which records responded to the notice to remain on the voter roll.

Full dates of birth are protected under O.C.G.A. §50-18-72(a)(20)(A).

Regarding the "basis for which you sent them a mailing", the public list in our news release shows Inactive Reason for each record.

ERIC data is not subject to disclosure under O.C.G.A. §21-2-225(d)(5). The process for determining whether or not someone is on the No Contact list is in state law (O.C.G.A. §21-2-234).

Regarding the request the last election in which these people voted, this information is contained in a public voter file that we sell containing Active and Inactive voters. Cancelled voters are not in that file; therefore, the records are not contained in the format requested (our office is not required to create customized records pursuant to O.C.G.A. § 50-18-71(b)(1)(A) O.C.G.A. § 50-18-71(j)).

If there are additional records you seek, please let us know.

Thank you,



Georgia Secretary of State
2 MLK Jr. Drive SE
West Tower Suite 802
Atlanta, GA 30334
openrecords@sos.ga.gov

