

200 St. Paul Street, Suite 2420
Baltimore, Maryland 21202
Phone 800.638.3186
Fax 410.783.0041

Via Email and Federal Express

August 31, 2022

Mr. DeRon Furr II
5605 Mountain View Point
Stone Mountain, GA 30087

**Re:   NFL Player Disability & Neurocognitive Benefit Plan—Final Decision on Review**

Dear Mr. Furr:

On August 31, 2022, the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan ("Plan") considered your eligibility for line-of-duty disability ("LOD") benefits.  We regret to inform you that the Disability Board determined you are not eligible for LOD benefits.  This letter describes the Disability Board's decision; it identifies the Plan provisions on which the decision was based; and it explains your legal rights.

**Background**

The Plan provides monthly LOD benefits to Players who, in addition to other requirements, have incurred a "substantial disablement" "arising out of League football activities."  The Plan defines these terms and requires that at least one Plan neutral physician must find that the Player meets this standard in order to be eligible for LOD benefits (see enclosed Plan Section 5.1.(b)).

You applied for LOD benefits on June 5, 2017 based on orthopedic impairments.  The Plan's Disability Initial Claims Committee ("Committee") denied your application because it determined you did not have a "substantial disablement" that arose "out of League football activities."  In making its determination, the Committee relied on the findings of Plan neutral orthopedist, Dr. Kevin Kessler, dated June 28, 2017.  After reviewing your records and evaluating you, Dr. Kessler assigned you 4 points under the Plan's Point System for Orthopedic Impairments (less than the 10 points required for a "substantial disablement" within the meaning of Section 5.5(a)(4)(B) of the Plan).

You appealed, and following the Plan's normal procedures, you then were scheduled to attend a Plan neutral physician examination.  Because you did not appear for that scheduled examination, the Disability Board denied your appeal on November 8, 2017.

You challenged the denial of your appeal in a lawsuit filed in May 2021.  You stated in part that you did not receive notice of the examination, and therefore could not attend it.  You (through your attorney Pamela Atkins) and the Disability Board agreed to resolve the lawsuit pursuant to the terms of a confidential settlement agreement signed on September 30, 2021.  According to the agreement,

Mr. DeRon Furr
August 31, 2022
Page 2

the Disability Board agreed to reconsider your claim according to the terms of the Plan as in effect on July 25, 2018, based on your physical condition as of July 25, 2018 (i.e., your normal deadline to apply for LOD benefits). You agreed to dismiss the lawsuit in exchange for this additional opportunity to pursue your claim for LOD benefits at the administrative level.

**Discussion**

As contemplated by the settlement agreement, you submitted 1,654 pages of medical records for the Disability Board's consideration. Some of these medical records predated July 25, 2018, while others were dated as recently as November 2021.

On January 19, 2022, you attended an evaluation with Plan neutral orthopedist Dr. George Canizares, who is a specialist in the medical field of your claimed impairments. After reviewing your records and examining you, Dr. Canizares reported to the Board that you are eligible for 9 points under the Plan's Point System for Orthopedic Impairments (less than the 10 points required for a "substantial disablement" within the meaning of Section 5.5(a)(4)(B) of the Plan). The 9 points were for the following conditions:

- 5 points for documented herniated lumbar nucleus pulposus with radiculopathy;
- 3 points for a lumbar spine disc excision; and
- 1 point for a surgical procedure to revise/redo a failed lumbar spine surgery.

After the NFL Player Benefits Office received Dr. Canizares' report, you were provided with a copy and you were informed that you had the right to respond to it before the Disability Board issued a final decision on your renewed appeal. Your attorney, Pamela Atkins, then responded to Dr. Canizares' report. She stated that Dr. Canizares neglected to assign 5 points for documented lumbar radiculopathy with EMG and MRI, and she submitted 49 additional pages of records.

The NFL Player Benefits Office sent Ms. Atkins' response to Dr. Canizares for his review. He explained that under the Point System, you cannot receive 5 points for the documented herniated lumbar nucleus pulposus with radiculopathy, and an additional 5 points for documented lumbar radiculopathy with EMG and MRI. As he put it, in your case, these are two ways to describe the same condition in your lumbar spine, and it would be redundant to award points twice for the same condition under the Point System.

The NFL Player Benefits Office provided Dr. Canizares' explanation to Ms. Atkins for her review and potential response. Ms. Atkins then disputed Dr. Canizares' view, arguing that you are eligible for the additional points because both descriptions are listed in the Point System. She also stated that you have impairments at two lumbar spine levels, L5-S1 and L4-L5, and accordingly are eligible for two 5-

Mr. DeRon Furr
August 31, 2022
Page 3

point awards. Ms. Atkins submitted additional medical records and stated that she had no further response on May 4, 2022.

On May 17, 2022, Plan Medical Director, Dr. Aakash Shah, was asked to address Ms. Atkins' arguments. On the same day, Dr. Shah stated that "radiculopathy/herniated discs deriving from one region of the spine is categorized under one impairment rating that is assignable on the point system with the Plan" and that "a repeat impairment rating of lumbar radiculopathy is not appropriate to be assigned."

At its May 18, 2022 meeting, the Disability Board tabled your case to allow you the opportunity to review and respond to Dr. Shah's comments. By letter received July 26, 2022, Ms. Atkins reiterated her argument and stated that Dr. Shah appears to not have received "even a single piece of evidence or argument." With her letter, Ms. Atkins submitted additional records, including a July 23, 2022 letter from Dr. Brent Koprivica questioning Dr. Shah's conclusion, and stated that your impairments exceed the 10-point threshold.

At its August 17, 2022 meeting, the Disability Board reviewed the current record and tentatively determined that you are ineligible for LOD benefits. The Disability Board directed Plan Counsel to prepare a letter explaining the tentative decision. After review of the letter, on August 31, 2022, the Disability Board unanimously finalized its tentative decision and instructed the Plan Director to send this letter outlining the bases for its final decision.

Plan Section 5.1(b) states that, for a Player to be eligible for LOD benefits, at least one Plan neutral physician must conclude that the Player incurred a "substantial disablement" arising out of League football activities (the Plan's standard for LOD benefits). If no Plan neutral physician renders this conclusion, then "the Player will not be eligible for and will not receive [LOD] benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record." In your case, the Disability Board found that you did not meet this threshold requirement because, based on your Point System ratings, no Plan Neutral Physician reported that you have a "substantial disablement" arising out of League football activities.

The Disability Board understands that Ms. Atkins submitted all of the medical records that you and she believe are relevant to its review. The Disability Board reviewed the records Ms. Atkins submitted and took her arguments into account. Even considering the medical records she submitted and the arguments she raised, the Disability Board noted that, unless at least one Plan neutral physician concludes you have a substantial disablement, you cannot be eligible for LOD benefits, regardless of any other facts, statements, or determinations by any other person, including by Ms. Atkins, Dr. Koprivica, or any other physician whose records were submitted by Ms. Atkins. In addition, the Disability Board noted that the Plan's neutral physicians, like Drs. Kessler and Canizares, have been working with the Point System since its inception, and are in a better position to consistently interpret and apply its provisions to specific cases. As such, the Disability Board deferred to their conclusions

Mr. DeRon Furr
August 31, 2022
Page 4

that you do not have a substantial disablement arising out of NFL football activities, as required by the Plan, and Dr. Canizares' medical determination, corroborated by Medical Director Aakash Shah, that you are ineligible for 5 additional points for documented lumbar radiculopathy with EMG and MRI.

The Disability Board further noted that Dr. Koprivica cited an American Medical Association text, the *Guides to the Evaluation of Permanent Impairment* in support of his interpretation of the Point System. A prior version of the LOD benefit in fact relied on that text for LOD applications received prior to January 1, 2015, but the Plan was amended to reject that text and replace it with the custom-designed Point System for applications received on and after January 1, 2015. This fact diminished the persuasiveness of Dr. Koprivica's position. The Disability Board also noted that the Point System applies to the lumbar spine as a whole, not to individual lumbar spine disks. Accordingly, the Disability Board rejected Ms. Atkins' and Dr. Koprivica's arguments and deferred to the medical judgment of Drs. Canizares and Shah, who, again, have extensive experience developing and applying the Point System.

The Disability Board noted the following about the conclusions of Drs. Kessler, Canizares and Shah. First, they are specialists in the medical field encompassing your claimed impairments, and they have experience evaluating Players and other professional athletes. Second, Drs. Kessler and Canizares reviewed the records you provided up to the date of the examination; they conducted a thorough physical examination of you; and they provided complete and detailed reports of your condition. The records you provided helped the Plan's Neutral Physicians award the points you received. Finally, the Disability Board found that the conclusions of the Plan's Neutral Physicians were consistent, in that they independently determined that you do not meet the Plan's standard for a substantial disablement arising out of NFL football activities, and Dr. Canizares and Shah agreed that you are not eligible for additional points for documented lumbar radiculopathy with EMG and MRI. The Plan's physicians are absolutely neutral in this process because they are jointly selected by the NFL Players Association and the NFL Management Council; they are compensated in flat-fee arrangements, irrespective of the outcome of any particular evaluation; and they are contractually obligated to conduct thorough examinations, free of bias for or against Players. The Disability Board has no doubt that the Plan's Neutral Physicians and Medical Director fully understand the obligation to conduct fair and impartial Player evaluations, and that they have done so in your case.

For these reasons, the Disability Board did not award you LOD benefits.

**Legal Rights**

You should regard this letter as a final decision under the September 30, 2021 confidential settlement agreement. To obtain further review of this decision, you have the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended. Under Plan Section 13.4(a) you must file such an action within 42 months from the date of the Board's decision.

Mr. DeRon Furr
August 31, 2022
Page 5


Your deadline for bringing such an action therefore is February 28, 2026.

This letter identifies the Plan provisions that the Disability Board relied upon in making its determination. Please note that the Plan provisions discussed in this letter are set forth in the "Relevant Plan Provisions" attachment. These are excerpts, however. You should consult the Plan Document for a full recitation of the relevant Plan terms. The Disability Board did not rely on any other internal rules, guidelines, protocols, standards, or other similar criteria beyond the Plan provisions discussed herein.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits, including the governing Plan Document.

You may call the NFL Player Benefits Office if you have any questions.


Sincerely,

*Michael B. Miller*

Michael B. Miller
Plan Director
On behalf of the Disability Board

Enclosure
cc: Pamela Atkins


To receive assistance in these languages, please call:
SPANISH (Español): Para obtener asistencia en Español, llame al 855-938-0527 (ext. 1)
CHINESE (中文): 如果需要中文的帮助，请拨打这个号码 855-938-0527 (ext. 2)
TAGALOG (Tagalog): Kung kailangan ninyo ang tulong sa Tagalog tumawag sa 855-938-0527 (ext. 3)
NAVAJO (Dine): Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' 800-638-3186 (ext. 416)

## Relevant Plan Provisions

**Plan Section 5.1** states:

<u>Eligibility</u>**.**  Effective January 1, 2015, a Player will receive monthly line-of-duty disability benefits from this Plan in the amount described in Section 5.2 if and only if all of the conditions in (a), (b), (c), (d), and (e) below are met:

(a) The Player is not an Active Player.

(b) At least one Plan neutral physician selected pursuant to Section 5.4(b) below must find that the Player incurred a "substantial disablement" (as defined in Section 5.5(a) and (b)) "arising out of League football activities" (as defined in Section 5.5(c)).  If no Plan neutral physician renders such a conclusion, then this threshold requirement is not satisfied, and the Player will not be eligible for and will not receive line-of-duty disability benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record.

(c) After reviewing the report(s) of the Plan neutral physician(s) selected pursuant to Section 5.4(b) below, along with all other facts and circumstances in the administrative record, the Disability Initial Claims Committee or the Disability Board, as the case may be, must conclude, in its absolute discretion, that the Player incurred a "substantial disablement" (as defined in Section 5.5(a) and (b)) "arising out of League football activities" (as defined in Section 5.5(c)).

(d) The Player satisfies the other requirements of this Article 5 or Article 6 of the Bert Bell/Pete Rozelle Plan, as appropriate.

(e) The Player is not receiving line-of-duty disability benefits from the Bert Bell/Pete Rozelle Plan pursuant to Article 6 of that plan.

**Section 5.5(a)(4)(B)** defines "substantial disablement" with respect to orthopedic impairments as follows:

With respect to applications received on or after January 1, 2015, [a "substantial disablement" is one that] is rated at least 10 points, using the Point System set forth in Appendix A, Version 2 to this Plan.

The introduction to **Appendix A, Version 2** provides this overview of the **Point System** referenced in Section 5.5(a)(4)(B):

This Point System for Orthopedic Impairments ("Point System") is used to determine whether a Player has a "substantial disablement" within the meaning of Plan Section 5.5(a)(4)(B).  The Point System assigns points to each orthopedic impairment recognized under the Plan.  A Player is awarded the indicated number of points for each occurrence of each listed orthopedic impairment, but only where the Player's orthopedic impairment arose out of League football activities, and the impairment

has persisted or is expected to persist for at least 12 months from the date of its occurrence, excluding any reasonably possible recovery period.

A Player is awarded points only if his orthopedic impairment is documented according to the following rules. An impairment rating for a surgical procedure should be awarded if the record includes an operative report for the qualifying procedure, or if NFL Club records document the procedure. Surgical procedures reported through third party evaluations, such as independent medical examinations for workers' compensation, should not be used unless corroborating evidence is available to confirm the procedure and its relationship to League football activities. MRIs are not necessary. Clinical findings are sufficient to award an impairment rating for symptomatic soft tissue injuries, such as an ACL tear, rotator cuff tear, etc.

Appendix A, Version 2 then includes comprehensive "Point System Impairment Tables," which assign Point System values to each orthopedic impairment recognized under the Plan. Your total "points" are the sum of those assigned for your recognized orthopedic impairments.

The Point System for Orthopedic Impairments is online at nflplayerbenefits.com. The NFL Player Benefits Office will furnish a full copy of it upon your request.

**Plan Section 13.4** is entitled "Limitation on Actions." It states, in pertinent part:

(a)   <u>Adverse Determinations.</u>  No suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review).